United States District Court
Southern District of Texas
**ENTERED**
August 07, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| EMIGDIO RENE CABALLERO PEREZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-05935 |
| | § | |
| TODD BLANCHE, *et al.*, | § | |
| | § | |
| Respondents. | § | |
| | § | |

### MEMORANDUM AND ORDER

Before the Court is Petitioner Emigdio Rene Caballero Perez's Petition for Writ of Habeas Corpus (ECF No. 1) and Respondents' Motion for Summary Judgment (ECF No. 9). For the following reasons, the Court **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion for Summary Judgment.

### I.    BACKGROUND

The parties do not dispute the following facts. Emigdio Rene Caballero Perez is a citizen of Cuba who entered the United States without inspection on or around November 17, 2023. ECF No. 1 at ¶ 23. Upon entry, he was detained by immigration officials and given a credible fear interview, which resulted in the Department of Homeland Security (DHS) determining that he had credible fear of persecution in Cuba. *See id.* He was subsequently paroled into the country for a period of time not to exceed November 15, 2025. *See id.*; ECF No. 9 at 2-3. He has no criminal convictions that are relevant for immigration purposes. *Id*. at ¶ 25.

1 / 7

While residing in the United States on parole, Petitioner was issued an Employment Authorization Document ("EAD") and has been working legally in the United States since January 25, 2024. *See id.* at ¶ 26; ECF No. 1-7. On December 12, 2024, the designated Immigration Judge ("IJ:) terminated Petitioner's removal proceedings. *See* ECF No. 1-8. Subsequently, Petitioner filed his Form I-485, Application to Register Permanent Residence of Adjust Status ("Form I-485), with the U.S. Citizen and Immigration Services ("USCIS") and completed the required biometrics. *See* ECF No. 1 ¶ 28. Petitioner's Form I-485 remains pending with USCIS. *See id.* (citing ECF No. 1-12).

On September 10, 2025, Petitioner received notice for an initial interview with USCIS on his pending Form I-485, to be held on October 15, 2025. *See id.* ¶ 29. On or about October 15, 2025, Petitioner arrived for his scheduled interview, was detained by Immigration and Customs Enforcement (ICE) officials and taken into immigration custody, one month before the expiration of his parole. *Id.* at ¶ 30; ECF No. 9 at 3. On or around October 16, he was issued a Notice to Appear (NTA) in removal proceedings before an Immigration Judge (IJ) under § 212(a)(7)A)(i)(I) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(a)(7)(A)(i)(I). ECF No. 6-1. The NTA charged Petitioner with being an "immigrant not in possession of any valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the INA." INA § 212(a)(7)(A)(i)(I). *See* ECF No. 9 at 3. However, Respondent has made no allegation that Petitioner violated a condition of parole.

Petitioner is currently detained at the Joe Corley Processing Center in Conroe, Texas. *See* ECF No. 1 at ¶ 1; 35. While in custody, Petitioner filed an Application for Asylum and for Withholding of Removal. *Id.* ¶ 32. The IJ denied this application on April 8, 202 and ordered that

Caballero Perez be removed from the United States. *Id.* Petitioner appealed this determination on April 29, 2026; the appeal is still pending. *Id.* ¶ 33.

Since October 15, 2025, Petitioner has remained in Respondent's custody. His ongoing detention has negatively affects Petitioner's family and community, specifically his U.S. Citizen daughter. *Id.* ¶ 36.

## II.   ANALYSIS

### a.  RESPONDENT'S REQUEST FOR A STAY IS DENIED.

Respondents request that the Court stay its order granting Petitioner's habeas petition in light of the Fifth Circuit's published order granting the Government's motion for stay of the district court judgments pending the Fifth Circuit's *en banc* decision in *Sosnava Rodriguez*. *See Rodriguez v. Ortega*, ---F.4th---, 2026 WL 2104747 (5th Cir. July 21, 2026) ("Appellants' opposed motion for stay of the district court judgments pending rehearing *en banc* is GRANTED."). For the following reasons, the Motion to Stay is **DENIED**.

Respondents appear to argue that the Fifth Circuit's one-sentence order granting a stay of the underlying district court judgments in *Sosnava Rodriguez* has the extraordinary effect of barring all district courts from granting habeas petitions by noncitizens detained pursuant to 8 U.S.C. § 1225(b)(2) on any due process ground—no matter how dissimilar from the reasoning at issue in the stayed district court judgments.

The Court has already considered and rejected this argument. *See Perozo-Mata v. Blanche*, 4:26-CV-05679, Doc. No. 9 at 4-6 (S.D. Tex. July 27, 2026); ECF No. 8 (Order Granting Petition) at 3 n. 1. The Court declines to reconsider its prior decisions on this question. While it is of course true that the stay, as a published order, is binding on this Court, the order is silent as to its scope

3 / 7

and reasoning. Had the Fifth Circuit intended to stay all habeas relief on any due process grounds—even grounds not considered or relied upon by the stayed district court orders—it could easily have expressed this intent. [1]

For the reasons articulated in its previous orders, Respondents' Motion to Stay contained in its Motion for Summary Judgment is **DENIED** and the Court will consider the merits of Petitioner's procedural due process claim.

### b. RESPONDENT'S DETENTION OF PETITIONER VIOLATES HIS PROCEDURAL DUE PROCESS RIGHTS UNDER THE FIFTH AMENDMENT OF THE CONSTITUTION.

Petitioner argues that her re-detention violates, *inter alia*, the Due Process Clause of the Fifth Amendment. Because the Court agrees that Petitioner's re-detention violates her procedural due process rights, it declines to address her other claims.

The Court recently addressed a nearly identical set of circumstances in *Betancourth v. Tate, et al.*, --- F.Supp.3d ---, No. 4:26-CV-01169, 2026 WL 638482 (S.D. Tex. Mar. 6, 2026) (Ellison, J.). *See also Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 (S.D. Tex. Feb. 25, 2026). In those cases, the Court concluded that ICE's re-detention of a noncitizen who was previously released on parole or on their own recognizance without a pre-deprivation hearing or proof of changed individual circumstances violated the noncitizen's right to procedural due process. See *Betancourth*, 2026 WL 638482 at *3-4; *Alvarez Rico*, 2026 WL 522322 at *4-6; *see*

---

[1] Other district courts within the Fifth Circuit have similarly concluded that the stay does not bar all relief on due process grounds for people detained pursuant to § 1225(b)(2). *See, e.g.*, *Camacho v. Dep't of Homeland Sec.*, No. EP-26-CV-01717-DB, 2026 WL 2137156, at *2-3 (W.D. Tex. July 24, 2026) (concluding that "facial invalidation of Section 1225(b)(2)(A) is all that is precluded" by the stay); *Mercado Leyva v. United States Department of Justice Immigration Court*, 5:26-CV-01196, Doc. No. 11 at 2-3 n. 1 (S.D. Tex. July 23, 2026) ("Without clearer direction, the Court will not deny relief this Court deems meritorious solely because the district court judgments granting relief to individual habeas petitioners were stayed.").

*also Perea-Berrio v. Tate, et al.*, No. 4:26-CV-01568, 2026 WL 709481 at *3 (S.D. Tex. Mar. 13, 2026) (internal citations omitted) (finding that release on parole, like releases on recognizance, "necessarily 'reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk.'"); *see* 8 C.F.R. § 212.5(b) (requiring that noncitizens released on parole "present neither a security risk nor a risk of absconding"). The Court also previously rejected Respondents' arguments regarding *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020). *See Alvarez Rico*, 2026 WL 522322 at *3-4. The Court sees no reason to reach a different result under the facts of this case. It therefore concludes that Petitioner's re-detention violated her Fifth Amendment right to procedural due process.

Because the Court agrees with Petitioner that his ongoing detention violates the Due Process Clause, it declines to address his additional arguments.

### III.   REMEDY

Under the facts of this case, however, the Court is persuaded that immediate release from custody is appropriate. "[I]n habeas cases where the Court finds an ongoing detention unlawful, 'the typical remedy for such detention is, of course, release.'" *Guevara Carabantes*, 2026 WL 689995 at *5 (quoting *Munaf v. Geren*, 553 U.S. 674, 693 (2008)). This Court has found that immediate release is appropriate in cases where a noncitizen habeas petitioner was previously released on an Order of Release on Recognizance (ORR), in part because "release from immigration custody on an ORR necessarily 'reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk.'" *Perea-Berrio v. Tate, et al.*, No. 4:26-CV-01568, 2026 WL 709481, at *3 (S.D. Tex. Mar. 13, 2026) (internal citations omitted). While Mr. Caballero Perez was previously released via humanitarian parole rather than an ORR, release on parole likewise implies a prior determination that he does not pose a flight risk or danger.

5 / 7

*See also Hassen*, 2026 WL 446506, at *2 (W.D. Tex. Feb. 9, 2026) ("[T]hat Petitioner was paroled into the United States, rather than released on his own recognizance, is 'a distinction without a difference.'") (quoting *Guerra-Miranda v. Bondi*, No. EP-26-CV-00028-KC (W.D. Tex. Jan. 21, 2026)). The prior finding that Petitioner "present[s] neither a security risk nor a risk of absconding" therefore suggests that immediate release is appropriate. 8 C.F.R. § 212.5.

Given the government's prior determination that Mr. Caballero Perez does not present a risk of flight or danger and his lack of criminal history, the Court concludes that immediate release is warranted. The Court also notes that numerous courts, in the Fifth Circuit and elsewhere, have ordered immediate release under similar circumstances. *E.g.*, *Guevara Carabantes*, 2026 WL 689995 at *10 (ordering immediate release); *Santiago v. Noem*, No. EP-25-CV-361-KC, 2025 WL 2792588, at *13-14 (W.D. Tex. Oct. 2, 2025) (ordering immediate release and collecting cases); *J.U. v. Maldonado*, 805 F. Supp. 3d 482, 498 (E.D.N.Y. 2025) (ordering immediate release).

The Court therefore **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody within **48 hours** under the conditions, if any, of his previous release via humanitarian parole.

2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify his counsel or next friend of the time and place of his release **no less than three hours** prior to his release from custody.

3. Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent notice and a hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community. Respondents similarly may not subject Petitioner to additional conditions of release without a similar

6 / 7

hearing at which the government bears the burden of showing why new conditions are necessary.

4. Respondents must return all personal property to Petitioner upon release, including all identity documents such as a social security card, Employment Authorization Document, driver's license, and/or passport.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before August 10, 2026**, informing the Court of the status of Petitioner's release.

The Court further **ORDERS** that, following Petitioner's release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **on or before August 17, 2026.**

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on August 7, 2026.

_____
Keith P. Ellison
United States District Judge